BEFORE THE FIRST DIVISION, OCTOBER 9, 1951

No. 55912.—Banner Bead Co. et al. *v.* United States, protests 898408–G (A), etc. (New York).

Opinion by OLIVER, C. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 55913.—Frederick Stearns & Company, Frederick Stearns & Company Division of Sterling Drug, Inc., Successor *v.* United States, protests 150054–K/13008, etc. (New Orleans).

Opinion by COLE, J. It was stipulated that the merchandise consists of liver concentrate the same in all material respects as the substance passed upon in Abstract 55240. The cited case found that the liver concentrate was an uncompounded, inedible substance, containing no alcohol and possessing a therapeutic element making the product available as a remedy for anemia, and that the grinding of the liver into powdered form to produce the imported commodity was a process that advanced the merchandise beyond what was necessary to prevent deterioration, thereby removing the drug from a crude state and bringing it into an advanced condition. Accordingly, the claim of the plaintiff was sustained.

No. 55914.—H. Klaff & Co., Inc. *v.* United States, protest 170327–K (Baltimore).

Opinion by COLE, J. In accordance with stipulation of counsel that the nickel metal scrap consists of "a nonferrous material or article in chief value of metal, and that it is second-hand or waste or refuse fit only to be remanufactured," the claim for free entry was sustained.

No. 55915.—Bernard & Bernard, Inc., et al. *v.* United States, protests 135731–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.